UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD EARL THOMAS,

    Plaintiff,

v.

SOCIAL SECURITY ADMINISTRATION,

    Defendant.
                                         /

No. 07-11526

District Judge Denise Page Hood

Magistrate Judge R. Steven Whalen

**REPORT AND RECOMMENDATION**

Before the Court is Defendant Social Security Administration's motion to dismiss [Docket #5], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B). For the reasons set forth below, I recommend that the Defendant's motion be GRANTED, and the complaint DISMISSED WITH PREJUDICE.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

On March 14, 2007, Plaintiff filed a *pro se* complaint in the Saginaw County, Michigan Circuit Court, naming as Defendant the Social Security Administration. On April 4, 2007, Defendant removed the case to this Court, based on federal question jurisdiction under 28 U.S.C. §1441(b).

The complaint is a one-page, handwritten document, in which Plaintiff states that he received a 1 to 4-year prison term, and seeks "back-pay" pursuant to 42 U.S.C. §§1382 and

1383. He also claims to be a "proposal B prisoner."[1]

On May 11, 2007, Defendant filed a motion to dismiss under Fed.R.Civ.P. 12(b)(1) and 12(b)(6).

## II. STANDARD OF REVIEW

Fed. R. Civ. P. 12(b)(1) provides for dismissal of a complaint for lack of subject matter jurisdiction. When a defendant challenges subject matter jurisdiction, the plaintiff has the burden of proving jurisdiction in order to survive the motion. *Moir v. Greater Cleveland Regional Transit Authority*, 895 F.2d 266, 269 (6th Cir. 1990).

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." Rule 12(b) also provides that if, on consideration of a motion under paragraph (6), "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 (summary judgment)." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

In *Bell Atlantic Corp. V. Twombley*,—U.S.—, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Supreme Court set forth what a plaintiff must plead in order to survive a Rule

---

[1] Plaintiff does not explain what "proposal B" means. However, he may be referring to a Michigan ballot proposal that was passed in 1978, under which prisoners are required to serve their entire minimum sentences (less good time credits) before being eligible for parole.

12(b)(6) motion. The Court held that although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true." *Id.*, 127 S.Ct. At 1964-65 (internal citations and quotation marks omitted). Further, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (Internal citations and quotation marks omitted). Stated differently, a complaint must "state a claim to relief that is *plausible* on its face." *Id.*, at 1974 (emphasis added).

*Bell Atlantic* was an antitrust action, and following the Supreme Court's decision, there has been uncertainty as to whether or to what extent the case imposes a heightened pleading standard or applies to other types of cases, including those brought under §1983. In *Iqbal v. Hasty*, 490 F.3d 143, 157 -158 (2d Cir. 2007), a *Bivens* action,[2] the court interpreted *Bell Atlantic* to require some factual amplification of a claim, if such facts are necessary to make the claim "plausible":

> "After careful consideration of the Court's opinion and the conflicting signals from it that we have identified, we believe the Court is not requiring a universal standard of heightened fact pleading, but is instead requiring a flexible "plausibility standard," which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*." (Emphasis in original).

In *Collins v. Marva Collins Preparatory Sch.,* 2007 WL 1989828, at *3, n.1

---

[2] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

(S.D.Ohio July 9, 2007), cited in *Weisbarth v. Geauga Park Dist.*, 499 F.3d 538, 542 (6th Cir. 2007), the court noted that "eight federal district courts in the Sixth Circuit have thus far applied *Twombly* in the manner described in *Iqbal,* while only one has restricted *Twombly* to the antitrust-conspiracy context."

For purposes of the present motion, I will go with the present majority, and apply the Rule 12(b)(6) standard of *Bell Atlantic* as interpreted by *Iqbal*.

### III. ANALYSIS

The Plaintiff's position regarding the jurisdictional basis of his lawsuit is unclear and confusing. Fed.R.Civ.P 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must "contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory," and bare assertions of legal conclusions are insufficient. *Scheid v. Fanny farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir. 1988). The Sixth Circuit has recognized that such pleading requirements are mandatory, even for *pro se* litigants. *Wells v. Brown,* 891 F.2d 591, 594 (6th Cir. 1989). A court "should not have to guess at the nature of the claim asserted." *Id.*[3]

---

[3] The Court is aware of, and has applied the principle that a *pro se* complaint is to be liberally construed. *See Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004), citing *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000) (*pro se* pleadings are held to "an especially liberal standard"); Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice"). Even applying that standard, however, this complaint is largely incomprehensible.

On June 15, 2007, apparently in response to the Defendant's motion, Plaintiff filed a letter stating that a Robert and Carol Gonzales committed child abuse by poisoning Plaintiff and his family [Docket #9]. On the same date, Plaintiff filed a document entitled Last Will and Testament [Docket #8].

Based on this complaint and the subsequent filings, I have no idea what the Plaintiff is claiming the named Defendant did, or on what basis he is claiming "back pay."

In a Rule 12(b)(1) motion, it is the Plaintiff's burden to prove subject matter jurisdiction. *Moir, supra.* He has not provided the Court with any information which would support a finding of subject matter jurisdiction. Therefore, this Complaint should be dismissed under Rules 12(b)(1) and 8(a)(2).

To the extent that the Plaintiff alleges that he is owed money for withheld or suspended benefits[4] or that he was otherwise erroneously denied Social Security benefits, this Court also lacks subject matter jurisdiction because Plaintiff has failed to exhaust his administrative remedies.

Matters arising under Titles II and XVI of the Social Security Act are subject to judicial review under the terms of 42 U.S.C. §405(g), which provides that:

> "Any individual, *after any final decision of the Commissioner of Social Security made after a hearing to which he was a party*, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such

---

[4] It is unclear whether Plaintiff was receiving retirement or disability benefits, or indeed, any benefits at all, or whether these benefits were suspended during his incarceration.

decision or within such further time as the Commissioner of Social Security may allow." (Emphasis added).

Section 405(g) is generally considered the sole avenue for judicial review under the Act. 42 U.S.C. §405(h); *Heckler v. Ringer*, 466 U.S. 602, 617, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984). An indispensable requirement for judicial review under §405(g) is that there must have been a "final decision of the Commissioner..made after a hearing." In *Bowen v. City of New York*, 476 U.S. 467, 483, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986), the Supreme Court stated that the "final decision" requirement has two elements: (1) exhaustion of administrative remedies prescribed by the Secretary and (2) the claim "shall have been presented to the secretary." *See also, Mathews v. Eldridge*, 424 U.S. 319, 328, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976).

The four-step administrative procedure for hearing disputed Social Security Disability claims is set forth at 20 C.F.R. §§ 404.900(a)(1)-(4), and includes (1) an initial determination, (2) reconsideration of the initial determination, (3) hearing before an Administrative Law Judge, and (4) review by the Appeals Council. *See Pohlmeyer v. Secretary of HHS*, 939 F.2d 318, 320 (6th Cir. 1991). In addition, 20 C.F.R. 404.900(a)(5) states that a "final decision" occurs "[w]hen you have completed the steps of the administrative review process," and that "[i]f you are dissatisfied with our final decision, you may request judicial review."

Whatever action of the Social Security Administration that is claimed to be erroneous, it is clear that Plaintiff has not undertaken any administrative review whatsoever. Neither the exhaustion requirement nor the presentment requirement of §405(g) has been met. Nor

has the Secretary waived the exhaustion requirement. *See Matthews v. Eldridge*, 424 U.S. at 330-32. This Court lacks subject matter jurisdiction and therefore, under Fed.R.Civ.P. 12(b)(1), the complaint should be dismissed. *Pohlmeyer v. Secretary*, 939 F.2d at 321.

Finally, under the *Bell Atlantic* "plausibility" standard applied to Rule 12(b)(6) motions, the complaint should be dismissed because Plaintiff has not pled any facts sufficient to make his claim for relief plausible, beyond mere speculation, under any viable legal theory.[5]

### IV. CONCLUSION

For these reasons, I recommend that Defendant's Motion to Dismiss [Docket #5] be GRANTED pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6), and that the complaint be DISMISSED WITH PREJUDICE.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.CT. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and

---

[5] Given the lack of specificity in the complaint and the failure to exhaust, the Court need not analyze the impact of 42 U.S.C. §1382, other than to note that under §1382(e)(1)(A), a prison inmate is not eligible for benefits, with certain exceptions that have not been pled.

Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

S/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: November 29, 2007

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on November 29, 2007.

S/G. Wilson
Judicial Assistant