UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD EARL THOMAS,　　　　　　　　　　No. 07-11526

　　　　　　Plaintiff,　　　　　　　　　　　　District Judge Denise Page Hood

v.　　　　　　　　　　　　　　　　　　　　Magistrate Judge R. Steven Whalen

SOCIAL SECURITY ADMINISTRATION,

　　　　　　Defendant.
_____/

**REPORT AND RECOMMENDATION**

On March 14, 2007, Plaintiff filed a *pro se* complaint in the Saginaw County, Michigan Circuit Court, naming as Defendant the Social Security Administration. On April 4, 2007, Defendant removed the case to this Court, based on federal question jurisdiction under 28 U.S.C. §1441(b).

On November 29, 2007, I filed a Report and Recommendation ("R&R"), recommending that the complaint be dismissed with prejudice, pursuant to Fed.R.Civ.P. 12(b)(1)(lack of subject matter jurisdiction) and Fed.R.Civ.P. 12(b)(6)(failure to state a claim). On May 30, 2008, the Honorable Denise Page Hood accepted the R&R, granted the Defendant's motion to dismiss, and entered judgment in favor of Defendant and against the Plaintiff.

Plaintiff has now filed a motion to reopen the case [Docket #19] and a motion to amend the complaint [Docket #21], both of which have been referred to the undersigned. Because these are post-judgment motions, I must proceed by Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). *United States v. Tyson*, 265 F.Supp.2d 788, 789 (E.D. Mich. 2003); *Massey v. City of Ferndale*, 7 F.3d 506 (6th Cir. 1993). I recommend that both

motions be DENIED, and that Plaintiff once again be enjoined from filing any future complaints in this Court, and from filing any future pleadings in this case, without first seeking and obtaining the Court's approval.

## I. DISCUSSION

The Plaintiff's rambling and incoherent complaint was dismissed for lack of subject matter jurisdiction. It contained no facts or legal theories that could even arguably support a claim of federal jurisdiction. Moreover, even construing his claims in view of 42 U.S.C. § 405(g), it was clear that he did not exhaust administrative remedies before filing suit. Indeed, he concedes a much in his motion to amend [Docket #21]. In the present motions, he has likewise failed to present any basis to reopen this case or amend his complaint post-judgment, if that were even possible. (In the motion to amend, he apparently seeks to add a claim for $325,000,000 in damages).

I have learned that this Plaintiff has filed numerous complaints in this Court, and has *twice* been enjoined from filing any future complaints without leave of the Court. In *Edward Earl Thomas v. State Courthouse*, Docket # 04-10087, Judge Lawson dismissed the complaint, and enjoined Plaintiff from filing future complaints, stating as follows:

> "The plaintiff is a frequent litigator in this Court. He has filed twenty-two cases or applications to proceed *in forma pauperis* in this district, all but three of which were filed in the last eight years. The federal courts have a 'responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others.' *Procup v. Strickland*, 792 F.2d 1069, 1074 (11th Cir. 1986). The Sixth Circuit has long recognized a district court's power to limit the filing of lawsuits by vexatious litigants. *Filipas v. Lemans*, 835 F.2d 1145 (6th Cir. 1987). The plaintiff in this case has had no fewer than six cases dismissed as frivolous, two dismissed for failure to state a claim, and one dismissed for want of prosecution. This filing history demonstrates an abuse of the legal process as well as a waste of this Court's resources. Such abuse is likely to continue unless the plaintiff is enjoined from future filing without the Court's prior approval."

On May 29, 2008, in *Edward Thomas v. Robert L. Kaczmarek*, Docket # 08-11543,

Judge Roberts entered an order striking Plaintiff's post-judgment motions (including a motion to reopen), also ordering that Plaintiff seek prior court approval before future filings. Judge Roberts added, "Had this Court been aware of Judge Lawson's order, it would not have considered Thomas' 2008 Complaint on its merits."

In this case, of course, Plaintiff filed his original complaint in state court, and Defendant removed it to this Court. Nevertheless, it is obvious from the current motions that Plaintiff is not getting the message. Whatever his grievances, real or perceived, he does not have a remedy in this Court. There is no basis to reopen this frivolous case or to amend the complaint. Furthermore, I note that since filing these motions, Plaintiff has filed seven letters with the Court, between September 22 and September 29, 2008. On September 15th, he filed a "motion for supplemental damages and to move me" [Docket #26].

## II.  CONCLUSION

Enough is enough. I recommend that Plaintiff's motion to reopen [Docket #19] and motion to amend [Docket #21] be DENIED. I further recommend that Plaintiff be enjoined from filing any further pleadings or documents in this case without approval of the Court, with the exception of Objections to this Report and Recommendation.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.CT. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v.*

*Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

S/R. Steven Whalen<br>
R. STEVEN WHALEN<br>
UNITED STATES MAGISTRATE JUDGE

Dated: October 3, 2008

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on October 3, 2008.

S/G. Wilson<br>
Judicial Assistant